UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CASE NO. 04-124-DLB

Eastern District of Kentucky
FILED
JUN 9 2004
AT COVINGTON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

KATHLEEN B. BOLTE, et al.            PLAINTIFFS

v.            **NOTICE OF REMOVAL OF CIVIL ACTION**

MILLER PIPELINE CORPORATION            DEFENDANT

\* \* \*

Defendant Miller Pipeline Corporation (hereinafter "Miller"), through counsel and pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332, respectfully submits this Notice of Removal of Civil Action. In support of its Notice, Miller states the following:

1.

On or about May 18, 2004, Plaintiffs Kathleen B. Bolte, Shannon Bolte, and Allison E. Bolte (hereinafter collectively referred to as "Bolte") filed a Complaint in the Kenton County Circuit Court, Kenton County, Kentucky, captioned <u>Kathleen B. Bolte, et al. v. Miller Pipeline Corporation</u>, Case No. 04-CI-01311. (A true and correct copy of the Complaint is attached hereto as Exhibit A). Plaintiff's Complaint alleges negligence on the part of Miller. Miller first received service of Plaintiff's Complaint on or about May 20, 2004. (True and correct copies of the Summons and Notice of Service of Process are attached hereto as Exhibit B).

2.

This Notice of Removal is filed within thirty (30) days of service of the state court action and is therefore timely under 28 U.S.C. § 1446(b).

3.

The United States District Court for the Eastern District of Kentucky has "diversity" jurisdiction over this case pursuant to 28 U.S.C. § 1332. Removal is proper under 28 U.S.C. § 1441(b) because:

(a) Plaintiffs allege that they are citizens of the State of Kentucky. (Complaint at ¶ 1).

(b) Defendant Miller is a foreign corporation registered in the State of Indiana with its principal place of business in Indiana. (Exhibit C).

(c) Upon information and belief, the amount in controversy in this case exceeds seventy-five thousand dollars ($75,000). Plaintiffs are seeking compensatory damages, and reimbursement of costs and attorneys' fees. (Pl. Complaint at WHEREFORE clause). Plaintiffs have placed no limitation on their prayer for relief. While the Complaint is silent as to the particular amount in controversy, it is apparent that the amount in controversy exceeds the minimum jurisdictional amount. See Clark v. National Travelers Life Ins. Co., 518 F.2d 1167, 1168 (6th Cir. 1975) (holding that attorney fees award pursuant to state statute can be considered in determining whether requisite amount is met for diversity jurisdiction); Sorenson v. Ashmore, 4 F. Supp.2d 669, 670 (E.D. Tex. 1998) (holding that it was facially apparent from the prayer for relief in plaintiff's complaint that the amount in controversy exceeded $75,000 where the complaint merely sought an unspecified amount of attorneys' fees, actual damages, damages for emotional distress and punitive damages).[1]

---

[1] If Plaintiffs dispute that the amount in controversy exceeds the minimum jurisdictional amount, they are requested to swear or affirm under oath that they will neither seek, attempt to prove, nor accept any judgment in an amount at or above the

4.

As of the date of this filing, no other process, pleadings or orders have been filed with the Kenton County Circuit Court, and no motions are pending before that court.

5.

Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this case (attached hereto as Exhibit D), together with a copy of this Notice of Removal shall be filed with the Clerk of the Kenton County Circuit Court and shall be served on Plaintiffs.

WHEREFORE, Defendant prays that this action be removed from the Kenton County Circuit Court to the United States District Court for the Eastern District of Kentucky, Covington Division, and request that this Court assume full jurisdiction over the case herein as provided by law.

Respectfully submitted this 9th day of June 2004.

Reminger & Reminger Co., L.P.A.

Vincent P. Antaki
Kentucky Bar No. 88675
7 West 7th Street
Suite 1990
Cincinnati, OH 45202
(513) 721-1311 (telephone)
(513) 721-2553 (facsimile)
E-mail: vantaki@reminger.com
Attorney for Defendant
Miller Pipeline Corporation

---

jurisdictional minimum of this Court. See Del Real v. HealthSouth Corp., 171 F. Supp.2d 1041, 1043 (D. Ariz. 2001) (holding that plaintiff's refusal to sign a binding stipulation that she would not seek, accept or collect more than $75,000 was evidence that plaintiff was seeking an amount in excess of the jurisdictional requirement).

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CASE NO. _____

KATHLEEN B. BOLTE, et al.          PLAINTIFF

v.          **CERTIFICATE OF SERVICE**

MILLER PIPELINE CORPORATION          DEFENDANT

\* \* \*

I hereby certify that a true and exact copy of the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION** was served upon counsel for Plaintiffs via first-class mail, postage prepaid, and addressed as follows:

> Hon. Robert N. Trainor
> The Carroll House
> 216 East Fourth Street
> Covington, KY 41011-1759

This 9th day of June 2004.

*/s/ Vincent P. Antaki*
Vincent P. Antaki
Counsel for Defendant

4